## MONG et v B F GOODRICH CO

Ohio Appeals, 9th Dist, Summit Co

No 2440.   Decided March 1, 1935

John W. Bricker, Attorney General, Columbus, Wm. J. Ford, Asst. Atty. Gen., Columbus, and Herman E. Werner, Prosecuting Atty., Akron, for plaintiffs in error.

Rockwell, Grant, Doolittle, Thomas & Buckingham, Akron, and George T. Kilmon, Akron, for defendant in error.

## OPINION

By STEVENS, J.

The decisive question presented is whether such appliances used in the rubber industry are in fact dies or patterns within the purview of §5325, GC.

The words "die" and "mold" have been defined by the Supreme *Court of the United States* in Rubber-Coated Harness-Trimming Co. v Welling, 97 U. S. 7, at p. 10, as follows:

"A die is a piece of metal on which is cut a device which by pressure is to be placed upon some softer body. A mould is a receptacle into which a softer material is injected, to take its shape when hardened."

The record herein discloses that the devices called molds in the rubber industry, come more nearly within the definition of a die, as given by the Supreme Court, than within its definition of the term "mold," and it is clear to us that their important and chief function is that of dies. Apparently the use of the term "molds" in the rubber industry is a misnomer for the devices so designated, which in fact are dies.

The definitions given to the words "die" and "mold" by the accepted lexicographers are in strict conformity to those enunciated by the Supreme Court in the Welling case, supra.

We are unanimous in the conclusion that *the devices shown by the record to have been used by the B. F. Goodrich Co. are in fact dies,* and as such, by reason of §5325, GC, not subject to be taxed.

The conclusion reached in this connection makes unnecessary the consideration of the questions of statutory construction urged by counsel for both parties.

The judgment of the Court of Common Pleas is affirmed.

FUNK, PJ, and WASHBURN, J, concur in judgment.